NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3319

DAVID DEAN,

Petitioner,

v.

CONSUMER PRODUCT SAFETY COMMISSION,

Respondent.

David Dean, of Lugoff, South Carolina, pro se.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel was Margaret Plank, Office of General Counsel, Consumer Products Safety Commission, of Bethesda, Maryland.

Appealed from:    Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3319

DAVID DEAN,

Petitioner,

v.

CONSUMER PRODUCT SAFETY COMMISSION,

Respondent.

Petition for review of the Merit Systems Protection Board in AT-3443-08-0345-I-1.

_____

DECIDED: December 8, 2008
_____

Before LOURIE, CLEVENGER, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

David Dean ("Dean") seeks review of a final decision of the Merit Systems Protection Board ("Board"), which denied his request for corrective action based on his claim that the Consumer Product Safety Commission ("CPSC") violated the Uniformed Services and Reemployment Rights Act of 1994 ("USERRA") when it declined to select him for the position of Product Safety Investigator. Because substantial evidence supports the Board's determination that Dean's status as a veteran was not a substantial or motivating factor in his non-selection, we <u>affirm</u>.

Dean is a veteran of the United States Army. Between 2004 and 2007, he submitted several applications to the CPSC in response to public notices announcing vacancies for the position of Product Safety Investigator. When he was not selected for

any of the positions, he filed a challenge with the Board alleging that his non-selection was a result of discrimination under USERRA. On June 13, 2008, the Board issued a decision rejecting Dean's appeal. Dean v. Consumer Prod. Safety Comm'n, No. AT-3443-08-0345-I-1 (M.S.P.B. June 13, 2008) ("Decision"). It concluded that Dean had failed to discharge his burden of showing by a preponderance of the evidence that his status as a veteran was a substantial or motivating factor in the CPSC's decision not to select him for any of the Product Safety Investigator positions at issue. Decision at 8. Dean timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

The scope of our review of Board decisions is defined and limited by statute. See 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Dean, as the petitioner, bears the burden of demonstrating error in the Board's decision. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

In order to prevail on his claim of discrimination under USERRA, Dean must show by a preponderance of the evidence that his prior military service or his status as a former military service member was a substantial or motivating factor in the CPSC's decision not to select him for the position. The Board concluded that Dean had failed to discharge this burden. First, the Board found that the 28 and 6-year periods of time which had passed between Dean's active and inactive military services, respectively, and his application to the CPSC were "too remote to suggest that his former status as

a[] . . . military service member played any role in the [CPSC's] decision not to select him." Decision at 8-9. Second, the Board found that even though he was not ultimately selected, the CPSC's actions of forwarding his name for further consideration as a qualified candidate on both the competitive and merit promotion hiring certificates suggested that his former military service was not a substantial or motivating factor in his non-selection, and was inconsistent with his claim that he was discriminated against on the basis of his status as a veteran. Id. at 9. Finally, the Board found no evidence indicative of general hostility by the CPSC toward former military service members. Id.

On appeal, Dean makes a number of allegations related to his contention that the CPSC's actions illustrate a pattern of discrimination against veterans, including that "[t]he CPSC ha[s] not hired or interviewed a veteran since before 2003 for a Product Safety Investigator job" and that the Board "[i]gnored prohibited personnel practices by agency officials." Pet'r's Informal Br. ¶ 2. Dean has not, however, substantiated these allegations with record facts. Moreover, Dean has failed to demonstrate error in the Board's determination that his status as a veteran was not a substantial or motivating factor in the CPSC's determination not to select him for the position of Product Safety Investigator. Because the Board's decision is supported by substantial evidence, we must affirm.

COSTS

No costs.